UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CASSANDRA ADKINS, | § | |
| | § | CIVIL ACTION NO. <u>6:16-cv-00142</u> |
| v. | § | |
| | § | JURY DEMANDED |
| DIRECT GENERAL | § | |
| INSURANCE COMPANY | | |

**DEFENDANT DIRECT GENERAL INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Direct General Insurance Company ("Defendant" or "Direct") files this Notice

of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1.      This lawsuit arises from an auto accident which occurred between Plaintiff

Adkins and Vera Thomas.  Adkins alleges Thomas "was an underinsured motorist as her

insurance did not cover the extent of Plaintiff's injuries and damage."  Adkins now files this

direct action against Defendant, attempting to recover underinsured motorist benefits and

alleging breach of contract, common-law bad faith, and violations of the Texas Insurance Code

and Deceptive Trade Practices Act.  **See generally Exhibit D**.

## II. PROCEDURAL BACKGROUND

2.      On April 27, 2016, Plaintiff Cassandra Adkins filed an Original Petition initiating

an action in the 52nd Judicial District Court of Coryell County, Texas, bearing Cause No. DC-16-

44931 ("the State Court Action").  **See Exhibit B.**  No jury demand was made in the State Court

Action. *Id*.

3.      Plaintiff's Original Petition improperly named Direct General *Life* Insurance

Company.  The incorrect defendant, Direct General *Life* Insurance Company, was served with

the Original Petition in the State Court Action on May 9, 2016.  **See Exhibit C.**  The correct

defendant, Direct General Insurance Company, was not served with the Original Petition.

4.      Counsel for the parties subsequently made an agreement to correct the erroneous

naming and service by serving an amended petition naming the correct defendant, Direct General

Insurance Company, on Defendant's counsel, who agreed to accept same on behalf of Direct

General Insurance Company as valid service of process. **See Exhibit E.**   The amended petition

naming Direct General Insurance Company was served on counsel for Defendant on May 20.

**See Exhibit D**.  The parties agree this date constitutes the date service of process was perfected

on Direct General Insurance Company and triggered all resulting deadlines.  Pursuant to the

parties' agreement, Plaintiff non-suited the incorrect defendant, Direct General *Life* Insurance

Company.  **See Exhibit F.**

5.      No answer was filed in the State Court Action. This Notice of Removal is being

filed prior to Direct General Insurance Company's State Court answer deadline of Monday, June

13, 2016.

6.      This Notice of Removal is timely filed within the 30-day statutory time period for

removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of

service of process, as agreed by the parties.

7.      This Notice of Removal is also timely filed within one year after commencement

of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III.  BASIS FOR REMOVAL

8.      This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this

civil action, and the action may be removed by Direct pursuant to 28 U.S.C. § 1441(b), as it is a

civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.      According to Plaintiff's state court pleadings, Plaintiff Adkins is a citizen of the state of Texas and resides in Coryell County.   **See Exhibit D at II.** Defendant Direct is incorporated under the laws of Indiana and maintains its principal place of business in Tennessee, and thus is a citizen of both states for purposes of diversity jurisdiction. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Indiana and Tennessee, complete diversity of citizenship exists among the parties.

10.      Plaintiff's Original Petition pleads damages of $100,000 or less.   **See Exhibit D at III.**

11.      When a plaintiff's pleadings do not allege a specific amount of damages, the removing party must only show by a preponderance—i.e.,  more likely than not—that the amount in controversy exceeds $75,000.[1]  Although the insurance policy under which Plaintiff seeks underinsured motorist benefits has a per-person policy limit of $30,000, Plaintiff also seeks extra-contractual damages based on allegations of breach of the common-law duty of good faith and fair dealing, Texas Insurance Code violations, and Deceptive Trade Practices Act violations. Plaintiff alleges actual damages consisting of "unpaid benefits, medical expenses, physical impairment, lost earning capacity, and pain and mental anguish."  **See Exhibit D at IX.**  Plaintiff also seeks an award of attorney fees under one or more of these statutes, which are considered part of the amount in controversy if provided for by contract or statute.[2]

---

[1] *See DeAguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[2] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *Quebe v. Ford Motor Co.*, 908 F. Supp. 446 (W.D. Tex. 1995).

12.     Based on upon Plaintiff's pleaded damages of up to $100,000, the type and nature of the damages sought, and the added claim for a statutory award of attorney fees, it can be reasonably inferred that the amount in controversy in connection with the causes of action Plaintiff is now asserting against Direct more likely than not exceeds $75,000, exclusive of interest and costs.[3]  Attorney fees alone in this type of case typically exceed $50,000 if the case is tried.   When combined with the disputed policy limits of $30,000, it is quite easy to conclude the amount in controversy will almost certainly exceed $75,000 even if Plaintiff's claimed extra-contractual damages are relatively small.  Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

13.     Removal to the Western District of Texas, Waco Division is proper because the state court action is pending in Coryell County, which is part of the Waco Division.

14.     In compliance with 28 U.S.C. § 1446(a), Direct has filed with this Notice of Removal: (a) evidence of service on Defendant, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, and (d) the state court docket sheet.  **See attached Exhibits A-F.**

15.     In compliance with 28 U.S.C. § 1446(d), Direct hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

16.     The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and Defendant is a citizen of Indiana and Tennessee.   The amount in controversy, based on the available pleadings and evidence, exceeds $75,000, exclusive of interest and costs.  As such, this removal is proper under

---

[3] *See Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

17.     Defendant demands a jury in this removed action.

18.     THEREFORE, Defendant Direct General Insurance Company respectfully requests that the above-entitled action be removed from the 52nd Judicial District Court of Coryell County, Texas to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

*/s/ Christopher W. Martin*

**Christopher W. Martin**
State Bar No. 13057620
Federal I.D. 13515
808 Travis Street, 20th Floor
Houston, Texas  77002
Email: martin@mdjwlaw.com
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:     (713) 632-1700
Facsimile:     (713) 222-0101

**Barrie J. Beer**
State Bar No. 02040750
Federal I.D. 14677
beer@mdjwlaw.com
**Amber R. Dunten**
Texas Bar No. 24010004
Federal I.D. 31660
dunten@mdjwlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of **Defendant Direct General Insurance Company's Notice of Removal** was served this 27th day of May, 2016 on the following counsel of record by the method specified:

| | |
|---|---|
| Mr. Scott Crivelli<br>THE CARLSON LAW FIRM, P.C.<br>400 West Jasper<br>Killeen, Texas   76542 | ***Via Facsimile: 254-526-8204*** |

*/s/ Amber R. Dunten*
Amber R. Dunten

6