# Exhibit D

# Robert Jeter

| | |
|---|---|
| **From:** | Timothy Roehrs <TRoehrs@carlsonattorneys.com> |
| **Sent:** | Friday, May 20, 2016 8:46 AM |
| **To:** | Amber Dunten |
| **Subject:** | Adkins, Cassandra v Direct General Insurance |
| **Attachments:** | Amended Petition - FM.pdf; Notice of Nonsuit.pdf; Order of Nonsuit.pdf |

Ms. Dunten,

Please see the attached file-marked Amended Petition and Notice of Nonsuit, dismissing Direct General Life Insurance Company. The latter has been filed with the Court today. The petition and citation are being sent to your office via certified mail. Please let me know if you need anything else.

Regards,

*Timothy D. Roehrs*
The Carlson Law Firm, P.C.
100 East Central Texas Expressway
Killeen, TX  76541
Phone (254) 526-5688
Fax (254) 526-8204
troehrs@carlsonattorneys.com
www.carlsonattorneys.com


**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



Cause No. DC-16-44931

| | | |
|---|---|---|
| CASSANDRA ADKINS,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| | § | CORYELL COUNTY, TEXAS |
| DIRECT GENERAL INSURANCE<br>COMPANY,<br>Defendant. | §<br>§<br>§ | 52nd JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, CASSANDRA ADKINS, complaining of and against DIRECT GENERAL INSURANCE COMPANY, hereinafter Defendant, and files Plaintiff's Original Petition, Request for Disclosure, Request for Admissions, Requests for Production, and First set of Interrogatories and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 1 as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.2.

### II. PARTIES & SERVICE OF CITATION

Plaintiff, CASSANDRA ADKINS, is a natural person and was a resident of Coryell County, Texas, at the time of the events made the basis of this suit.

Defendant, DIRECT GENERAL INSURANCE COMPANY is a foreign fire and casualty insurance entity doing business in the State of Texas. By agreement, Service of Process may be obtained on DIRECT GENERAL INSURANCE COMPANY by serving its agent of service, Martin, Disiere, Jefferson & Wisdom, L.L.P., at 808 Travis, 20th Floor, Houston, Texas 77002 by certified mail.

Electronically Filed
5/18/2016 6:10:33 PM
Janice M. Gray, District Clerk
Coryell County, Texas

### III. JURISDICTION

Jurisdiction is proper in this Court because Plaintiffs are entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV. VENUE

Pursuant to Section 15.002(A)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Coryell County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### V. FACTUAL BACKGROUND

On or about June 5, 2014 Plaintiff was seriously injured in an automobile collision caused by VERA THOMAS's negligent operation of a motor vehicle.

On June 5, 2014, Cassandra Adkins was traveling north on FM 116 in Coryell County, Texas. At the same time, VERA THOMAS, was traveling north on FM 116. Suddenly and without warning, VERA THOMAS failed to pass to the left safely and forcefully struck the vehicle in which Cassandra Adkins was traveling. Due to the nature of the collision, Plaintiff sustained significant personal injuries and damages.

Furthermore, prior to the time of the collision, Plaintiff had purchased an automobile insurance policy from Defendant, which provided Plaintiff with coverage for personal injuries and damages arising from a collision with an underinsured or uninsured motorist. In return, Plaintiff agreed to pay Defendant certain premiums. Plaintiff had paid all premiums to Defendant and said policy was in effect at the time of the collision.

On the date of the collision, VERA THOMAS was an underinsured motorist as her insurance did not cover the extent of Plaintiff's injuries and damages. Therefore, Defendant is contractually bound to pay Plaintiff for all damages incurred due to the negligence of VERA THOMAS, as an underinsured motorist. Despite attempts to settle this claim for a reasonable amount that would adequately compensate Plaintiff for the damages incurred as a result of the collision in question, Defendant has refused to tender a reasonable offer to compensate Plaintiff.

## VI. BREACH OF CONTRACT

Defendant DIRECT GENERAL INSURANCE COMPANY has a contractual obligation to pay Plaintiff for the damages Plaintiff incurred in the collision made the basis of this suit. Despite demand, Defendant has failed to comply with the contract between the parties and is therefore liable for breach of contract.

## VII. PETITION FOR DECLARATORY RELIEF

Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract. Specifically, Plaintiff seeks a finding that the driver who caused the wreck was an underinsured motorist, that Plaintiff is entitled to recover from Defendant Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant, and specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

## VIII. VIOLATIONS OF THE TEXAS INSURANCE CODE AND THE TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT AND BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

TRUE AND CORRECT COPY

Defendant has failed to properly investigate Plaintiff's claim and failed to attempt in good faith to settle the claims once Defendant's liability became reasonably clear. Such conduct violates Section 541.060 of the Texas Insurance Code and the common law duty of good faith and fair dealing. Furthermore, violations of the Texas Insurance Code are actionable under Section 17.50(a) of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"). Plaintiff qualifies as a "consumer" under the DTPA because Plaintiff acquired Defendant's services by purchasing an insurance contract from Defendant.

## IX. DAMAGES

Defendant's conduct is a proximate and producing cause of damages to Plaintiff. Such damages include, but are not limited to, unpaid benefits, medical expenses, physical impairment, lost earning capacity, and pain and mental anguish. Such damages have occurred in the past and are likely to continue in the future.

## X. ATTORNEYS' FEES

As a result of Defendant's conduct, Plaintiff has incurred attorneys' fees through trial and appeal.

## XI. CONDITIONS PRECEDENT

All conditions precedent to filing suit have been met.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendant for:

1. All actual damages;
2. Reasonable attorneys fees;
3. Declaratory relief as outlined in the petition;

4. Prejudgment interest as provided by law;

5. Post-judgment interest as provided by law from the date of judgment until paid;

6. Costs; and

7. For such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.

## XIV. REQUEST FOR ADMISSIONS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 198, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to the named Defendant answering these requests.

"Incident in Question" means and refers to the collision referred to in Plaintiff's Original Petition.

"Vehicle" refers to the automobile driven by VERA THOMAS, involved in the Incident in Question.

### Requests

1. Admit that on or about June 5, 2014, in Coryell County, Texas Plaintiff was involved in an automobile collision.

2. Admit that on June 5, 2014, in Coryell County, Texas, a contract for the provision of

motor vehicle insurance existed between CASSANDRA ADKINS and Defendant.

3. Admit that, pursuant to that contract, Defendant is contractually bound to pay for all damages incurred due to the negligence of an uninsured/underinsured motorist up to the amount of $30,000.

4. Admit that Plaintiff performed all duties and obligations under the automobile policy in question.

5. Admit that as of the date of this pleading, Defendant has failed to satisfy its obligations under this policy/contract.

6. Admit that Defendant had a duty of reasonable care in acknowledging, investigating, processing, and financially satisfying Plaintiff's claims under the subject underinsured/uninsured motorist insurance policy.

7. Admit that Defendant violated that duty described in Request for Admission No. 7.

8. Admit that Defendant failed to make a reasonable settlement offer of Plaintiff's claims;

9. Admit that the Defendant made statements and representations about the quality of service and product Defendant provided;

10. Admit that Defendant knew or should have known that Plaintiff would rely upon Defendant's acts, omissions, and misrepresentations when purchasing the subject insurance policy;

11. Plaintiff did, in fact, reasonably rely on Defendant's acts, omissions, and misrepresentations when purchasing the subject insurance policy;

12. Admit that Plaintiff did purchase an insurance policy subsequent to such act's omissions and misrepresentations;

13. Admit that upon the presentment of Plaintiff's claims, Defendant failed to produce the quality of service and product advertised;

14. Admit that the Plaintiff was injured as a result of Defendant's failure and/or negligence.

15. Admit that each of the above-mentioned acts, omissions, and misrepresentations was a proximate cause of the damages suffered by Plaintiff;

## XV. REQUEST FOR PRODUCTION

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 196, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for

TRUE AND CORRECT COPY

supplementation of the Defendants' responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant answering the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Collision in Question" means and refers to the collision described in Plaintiff's Original Petition.

"Vehicle in Question" means and refers to the vehicle driven by VERA THOMAS, involved in the Collision in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

TRUE AND CORRECT COPY

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Defendants are hereby notified that Plaintiffs reserve the right to use at trial any and all documents Defendants produce in response to this and any other discovery request.

### Requests for Production

1.  Any and all photographs, movies, videotapes or other visual reproductions that Defendants have of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Collision in Question.

2.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that you or your testifying expert claim to be a reliable authority which may be used by you at trial.

3.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, collision reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

4.  All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

5.  Any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

6. Any document, photographs, or other physical evidence that will be used or offered at trial.

7. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

8. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Collision in Question generated or obtained by Defendant, Defendants' agents, or Defendants' insurers.

9. Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and Plaintiff concerning the subject matter of this lawsuit.

10. All documents, correspondence, memoranda, notes, or e-mails regarding communications between you and VERA THOMAS's insurance company regarding the Collision in Question and/or Plaintiff.

11. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Collision in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

12. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

13. Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a. The Collision in Question;
    b. Plaintiff's damages;
    c. The presentation of any testimony;
    d. Whether or how to conduct any cross-examination;
    e. The performance of discovery; and/or
    f. The presentation of any defense, excuse, or inferential rebuttal.

TRUE AND CORRECT COPY

14. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence or use as demonstrative evidence at trial.

15. Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

## XVI. INTERROGATORIES

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 197, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiffs and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendants fully and accurately understand the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the

TRUE AND CORRECT COPY

Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff that an affirmative response on the part of Defendants will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendants.

**A. DEFENDANT:** As used herein, the term "Defendant" means the named Defendant answering the request, his/her representatives, agents, and counsel.

**B. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E. DOCUMENT(S):** "Documents." The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F. PERSON:** "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:** When an interrogatory requests that you identify a person please state:

    1. His or her full name;
    2. His or her present or last known address;

TRUE AND CORRECT COPY

  3.  His or her present employers name and address; and
  4.  His or her occupational position or classification.

### H. "IDENTIFY" or "IDENTIFICATION":

1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.
2. As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.
3. As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:
   a. The title, heading or caption of such document.
   b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
   c. A general description of the document.
   d. The name of the person who signed the document or statement that it was unsigned.
   e. Name of the person or persons who prepared the document.
   f. Name of the person or persons to whom the document was addressed and to whom the document was sent.
   g. The physical location of the document.
4. As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.
5. To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

  **I. COLLISION IN QUESTION:** The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

  **J. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or

TRUE AND CORRECT COPY

other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**K. VEHICLE IN QUESTION:** The term "vehicle in question" means the vehicle driven by VERA THOMAS at the time of the incident in question.

### Interrogatories

1. Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agents, servants or employees of Plaintiff which you maintain are relevant to this lawsuit.

2. Please list and describe any and all condition(s) precedent to bringing this lawsuit against you that Plaintiff has not met and any exclusion you assert are applicable to the demand for underinsured/uninsured motorist benefits.

3. If anyone investigated this matter for you, state their name(s), address(es), and telephone number(s), and state whether such investigation was reduced to writing. If said investigator obtained any signed statements or recorded statements, identify the person who gave the statement and attach to your answers a copy of any said statement.

4. Do you know of any statement, conversation, comment, or report made by Plaintiff at the time of the accidents or following the accidents, concerning the accidents or facts relevant to any issue in this case? If your answer is "Yes", state the content of such statement, conversation, comment, or report, the place where it took place, and in whose presence it was made.

5. If you contend that Plaintiff suffered from a pre-existing condition, please state all facts upon which you rely to support your contention.

6. In connection with the issuance of Plaintiff's policy by Defendant, were commissions, benefits, rewards, payments, bonuses or compensation of any kind received by any individuals? If so, please provide the names of those receiving commissions or other benefits and produce copies evidencing such.

7. Please provide a copy of any advertising type materials used by Defendant to encourage the purchase of insurance by Plaintiff. Attach copies of what was furnished to the agent handling Plaintiff's application and any internal communications between Defendant and all correspondence, notes, and memoranda of whatever kind or nature.

8. How many claims for underinsured/uninsured motorist insurance proceeds did you receive from January 1, 2010 to the present date?

TRUE AND CORRECT COPY

9. In connection with your answer to Interrogatory No. 10, how many of those claims received by you from January 1, 2010 to the present date resulted in money being paid to the beneficiaries without the necessity of litigation?

10. In connection with your answer to Interrogatory No. 10, how many of those claims received by you from January 1, 2010 to the present date were denied?

11. Please identify every claim adjuster that reviewed Plaintiffs underinsured/uninsured motorist claim that is the subject of this suit.

12. Please identify any medical expert that you have consulted with and who has rendered opinions prior to answering these interrogatories and whose opinions you have relied upon in denying this claim.

13. Identify all persons who are expected to be called at trial to testify, including all impeachment and/or rebuttal witnesses, the necessity of whose testimony can be reasonably anticipated prior to trial.

14. Please indicate and explain all reasons, if any, which relieves it of its duties to pay Plaintiff's damages under Plaintiff's Automobile Insurance Policy with Defendant.

15. Please indicate and explain all reasons, if any, why VERA THOMAS is not liable for the collision in question.

Respectfully Submitted,

THE CARLSON LAW FIRM, P.C.
100 E. Central Texas Expy
Killeen, Texas 76541
(254) 526-5688
FAX (254) 526-8204

By: /S/ Scott R. Crivelli
Scott R. Crivelli
SBN: 24081713

STATE OF TEXAS
COUNTY OF CORYELL

Certified to be a true and correct copy of the original in my custody. Given under my hand and seal.
Date 5-23 AD20 16

Janier M. Shay

Clerk of the District Court
By Aemp Dep.

PAGES 1 THRU 14

TRUE AND CORRECT COPY